IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WASTE CONNECTIONS OF MISSISSIPPI
DISPOSAL SERVICES, LLC**                                               **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 4:22-CV-80-SA-DAS**

**FQS BEAR EQUIPMENT INC.**                                        **DFENDANT**

## ORDER GRANTING MOTION TO STRIKE EXPERT DESIGNATION

The plaintiff Waste Connections of Mississippi Disposal Services, LLC has filed a motion to strike the defendant FQS Bear Equipment, Inc.'s expert designation of Jeff Linton. Docket 47. Prior to initiating this action, the plaintiff obtained an informal valuation of the damaged compactor from Mr. Linton to supplement its demand for payment to the defendant. Docket 47-1, *Declaration of Troy Thompson*. The plaintiff provided Mr. Linton with limited information about the compactor in order for Mr. Linton to formulate a "rough estimate of [its] value" for the purpose of resolving their dispute without engaging in litigation. *Id*. The plaintiff ultimately commenced this action, and the defendant designated Mr. Linton as an expert, stating he "may be called to opine that the fair market value of the subject compactor ranged from $95,000.00 to $105,000.00." Docket 47-2.

The plaintiff contends Mr. Linton's opinion as to the fair market value of the compactor was provided to the defendant during pre-suit settlement negotiations and, therefore, is inadmissible under Federal Rule of Evidence 408. Alternatively, the plaintiff argues it utilized Mr. Linton as a consulting expert, precluding the defendant's ability to rely on Mr. Linton's opinions. The court need not evaluate Mr. Linton's status as a consulting expert because it finds his valuation was disclosed for settlement purposes and is inadmissible under Rule 408.

Rule 408 prohibits the introduction of statements made in settlement negotiations "to prove or disprove the validity or *amount* of a disputed claim…" F.R.E. 408(a) (emphasis added); *see also*, *Equal Emp. Opportunity Comm'n v. First Metroplitan Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 575 (N.D. Miss. 2021) ("This Court has previously noted that Rule 408 specifically prohibits a party from proffering evidence or statements made in settlement negotiations.").

The defendant argues the plaintiff's "demand for payment" contained "no mention of settlement discussions or negotiations" or "reference to FRE 408," however, Rule 408 does not require magic words but instead considers "whether the statements or conduct were intended to be part of the negotiations toward compromise." *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981). Notably, "the rule does not indicate that there must be a pre-trial understanding or agreement between the parties" regarding the nature of the estimate. *Id*. at 1107. Troy Thompson's testimony confirms that the plaintiff worked with Mr. Linton "solely for settlement-related purposes" and disclosed Mr. Linton's opinion to the defendant "in that context only."

While the Advisory Committee Notes to Rule 408 provide "that the rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations," the Fifth Circuit clarified in *Ramada Development Company v. Rauch* that "such an exception does not cover [a] case where the document, or statement, would not have existed but for the negotiations." *Id*. at 1107. The court finds that is exactly the situation at hand – Mr. Linton's estimation "was a tool used in an unsuccessful settlement attempt" and "would not have existed but for the negotiations." *Id*. at 1106-07. The plaintiff's motion to strike is **GRANTED.**

This the 17th day of August, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**